IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WAYNE SANDERS, ) | |
| ) | Civil Action No. 7:22cv00591 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROANOKE CITY ) | |
| SHERIFF DEPT, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) |         United States District Judge |
| Defendants. ) | |

Plaintiff Wayne Sanders, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983 against the Roanoke City Sheriff's Department, the Roanoke City Jail medical department, Deputy Hash, Officer Saintclair, Nurse Haley, and Officer Clark. Sanders seeks leave to proceed *in forma pauperis* with this action. Having reviewed Sanders' request and third amended complaint, the court will grant his request to proceed *in forma pauperis* but concludes that Sanders has failed to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

In his third amended complaint, Sanders alleges that, "d[ue] to [his] disability, [he] was placed on [a] bottom bunk by nursing staff," but that he was "forced to get on [a] top bunk by officers on duty." (3d Am. Compl. at 2 [ECF No. 40].) He contends that he was told by the officer on duty that he had to get on the top bunk or go back to the holding area. Sanders claims that he did not want to go to the holding area because he had seen "big cockroaches" there. (*Id.* at 3.) Sanders asserts that either "6 to 7" or "7 to 9 days later," he fell off the top

bunk and onto the concrete floor while trying to get into his bed. (*Id.* at 2–3.) He claims that the fall "resulted in injuries," but does not describe any injuries. (ECF No. 40-1 at 2.) After the fall, Sanders was taken to the medical department. He states that he asked to be taken to the emergency department four times but "was denied." (*Id.*) He claims that he is "still having problems from the fall." (*Id.*)

Sanders alleges that when he was eventually escorted back to his cell, officers placed his mat on the floor for him to sleep on. He states that he woke up in the middle of the night and needed to use the restroom and discovered that he "had lost water" and his "clothes were soaked." (Compl. at 3.) He states that he "stayed wet until Officer Clark came with dry clothes 2 ½ h[ou]rs later." (*Id.*)

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). As the medical department is not a "person" subject to suit under § 1983, Sanders cannot maintain his action against the medical department. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued because it is not a person within the meaning of § 1983.").

The Eighth Amendment protects prisoners from cruel and unusual living conditions. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that a defendant was deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991).

- 3 -

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Despite being given multiple opportunities to amend his complaint, Sanders third amended complaint does not allege sufficient facts for the court to determine that any of the named defendants were deliberately indifferent to his living conditions or to any serious medical need. In fact, Sanders' only allegation involving any of the defendants is that Officer Clark brought him dry clothes. This allegation does not demonstrate any deliberate indifference by Officer Clark. Therefore, the court concludes that Sanders has failed to state a cognizable § 1983 claim against the named defendants.

### III.

For the reasons stated, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to forward a copy of this order and the accompanying Memorandum Opinion to Sanders.

**ENTERED** this 27th day of July, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE